Peters *vs.* Baker.

GEORGE PETERS, plaintiff in error, *vs.* WILLIAM BAKER, defendant in error.

When an affidavit of illegality, taking the ground that the defendant in execution had never been served with process, was dismissed for insufficiency in not stating that he had not appeared and pleaded:

*Held,* that this dismissal was no bar to a motion to set aside the judgment on the ground that the defendant had not been served, or acknowledged service, or appeared or pleaded to the original suit, and that he had a good defense thereto.

Illegality. Judgments. Before Judge BUCHANAN. Campbell Superior Court. August Adjourned Term, 1874.

William Baker recovered a judgment against George Peters in the justice court for the twelve hundred and sixth district. To the execution issued thereon the defendant filed an affidavit of illegality, setting up that he had never been served, nor acknowledged service, nor authorized any to acknowledge service for him. The illegality was sustained by the magistrate and the plaintiff appealed. When this case was reached in the superior court, on motion of the plaintiff, the illegality was dismissed for insufficiency.

Subsequently the defendant moved to set aside said judgment because he was never served, nor had he appeared and pleaded, nor had he had his day in court, nor had he ever acknowledged service, nor authorized any one to acknowledge service for him. This motion was sustained by the justice and plaintiff again appealed. When this cause was called in the superior court, the plaintiff moved to dismiss the motion, because it set up the same matters of defense relied on in the affidavit of illegality. The motion was sustained, and the plaintiff excepted.

J. L. BLALOCK; R. T. DORSEY; W. H. HULSEY; P. F. SMITH, by W. T. TRIPPE, for plaintiff in error.

L. S. ROAN, by JOHN L. BIGBY, for defendant.

MCCAY, Judge.

We do not think the dismissal of the affidavit of illegality for insufficiency was a bar to the motion to set aside. A demurrer is only a bar as to the question made by the pleadings. The illegality was dismissed for want of an allegation that the defendant had not appeared and pleaded. This was right enough, and no other affidavit of *illegality* could stop the *fi. fa.* on this or any other ground known at the time. But the motion stands on a different footing. The dismissal of the

illegality on demurrer is no bar to the motion, if it be on a good ground—if it meet the defects in the illegality, and this motion clearly and fully does this. It sets forth want of service; it denies any acknowledgement of service; it denies appearance or pleading, and adds that he has a good defense. The mistake of the judge below, was either in treating a demurrer as a bar, when the present proceeding contains new facts which make a good case, or in treating the rule that but one illegality can be filed, as extending also to motions to set aside. The rule as to illegalities turns on the nature of the proceeding. It is an effort to stop the sheriff in the execution of a process, and, very wisely, the rule is restricted and permits the thing to be done but once, unless it be for causes that either did not exist, or were not known at the date of the first illegality. But a motion made in open court stands on common law rules; and it is a settled rule that a dismissal of a proceeding for informality or insufficiency is no bar to a new proceeding containing allegations making a good case. This court has decided that a bill or other proceeding, to which a demurrer has been sustained and the judgment affirmed by this court may, yet be amended and rendered a good proceeding; and if this be so, it seems clear that the present motion was not barred by the dismissal of the affidavit of illegality.

Judgment reversed.